In the District Court of the United States
For the District of South Carolina
BEAUFORT DIVISION

| | |
|---|---|
| **Domonique Graham, #241924,** ) | |
| ) | Civil Action No. 9:06-1878-HFF-GCK |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| **Warden Willie White;** ) | **OF THE MAGISTRATE JUDGE** |
| **SCDC Dir. Jon Ozmint; and** ) | |
| **State of South Carolina,** ) | |
| ) | |
| Respondents. ) | |

## I.   INTRODUCTION

The Petitioner, Domonique Graham ("Petitioner" or "Graham"), a state prisoner proceeding without the assistance of counsel, seeks *habeas corpus* relief under Title 28, United States Code, Section 2254. By definition, the relief which he seeks must be based upon a finding that he is being illegally detained in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). Pursuant to the provisions of Title 28, United States Code Section 636(b)(1)(B) and (B), and Local Civil Rules 73.02(B)(2)(c) and (e), D.S.C. The above-named Respondents have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is submitted for review by the District Court.

## II.   *PRO SE* PETITION

Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied, Leeke v. Gordon*, 439 U.S. 970 (1978). Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition herein pursuant to the procedural provisions of 28 U.S.C. § 1915,

28 U.S.C. § 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, Title I, § 104, 110 Stat. 1214.  This review has been conducted in light of the following precedents:  *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *and Cruz v. Beto*, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir.1975).  Even under this less stringent standard, however, the *pro se* complaint nonetheless may be subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented.  *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999).  Likewise, a court may not construct the plaintiff's legal arguments for him (*Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993)) or "conjure up questions never squarely presented" to the court.  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).  Such is the case with the present Petition.

### III.    PROCEDURAL HISTORY IN STATE COURT

### A. Proceedings in the Court of General Sessions

On April 11, 1996, Graham was indicted by the Court of General Sessions for Florence County for murder (count one), armed robbery (count four), and conspiracy (count seven) (96-GS-21-549).  (App. 431-433)  Graham was sixteen years old when the crime was committed.  Graham was represented by Kevin M. Barth, Esquire and Frederick A. Hoefer, Esquire.  The State was represented by Solicitor William H. Conner, Jr., Esquire.

On June 16, 1997, Graham's case was called for trial before the Honorable Paul M. Burch and a jury on the charges of murder and armed robbery.  (App. 5)  On June 18, 1997, two days after the jury trial began, and after several witnesses for the prosecution had testified, Graham advised the trial court he wished to enter a plea of guilty as charged.  (App. 337)  The State recommended a thirty (30) year sentence for murder, and a consecutive sentence for armed robbery, the term of that sentence in the Court's discretion.  (App. 337)  Judge Burch sentenced Graham to thirty (30) years imprisonment for murder and thirteen (13) years, consecutive, for armed robbery.  (App. 384)

Graham timely sought direct appeal review of his plea and sentence.  Robert M. Dudek, Assistant Appellate Defender of the South Carolina Office of Appellate Defense, represented Petitioner on appeal.  Appellate counsel filed a Final *Anders* Brief of Appellant in the Supreme Court of South Carolina on December 1, 1998, and raised the following issue:

> Whether the judge erred by accepting appellant's guilty plea to the charge of murder where appellant denied he shot the victim, and denied the shooting was the probable consequence of his actions?[1]

---

[1]    *See* Final *Anders* Brief of Appellant, p.3.

Mr. Dudek also moved to be relieved as counsel of record.[2]  On October 11, 1999, the Supreme Court of South Carolina denied the petition to be relieved and directed the parties to brief the following issue:

> Did the trial court have jurisdiction to accept appellant's guilty pleas where appellant was under the age of seventeen at the time of the offense?[3]

On December 3, 1999, Petitioner filed a Brief of Petitioner on the issue.  The State filed its Brief of Respondent on January 4, 2000.  The Supreme Court of South Carolina rejected Petitioner's argument on the merits and affirmed in *State v. Graham*, Opinion No. 25122 (S.C.Sup.Ct. filed May 15, 2000), reported at 340 S.C. 352, 532 S.E.2d 262 (2000). (App. 387-96)  The state court issued the remittitur on June 6, 2000.

### B.  Petitioner's Application for Post-Conviction Relief

On May 14, 2001, Petitioner filed a *pro se* application for post-conviction relief ("PCR"), in which he raised the following claims:

9(a) Ineffective Assistance of Counsel;

9(b) Unknowing or Involuntary Guilty Plea;

9(c) Subject Matter Jurisdiction.

(App. 392)

J. Rene Josey, Esquire, represented Petitioner in the action.  The State made its return on October 18, 2002.  An evidentiary hearing was held January 16, 2004, before the Honorable James E. Brogdon, Jr. (App. 397)  At the conclusion of the hearing, the PCR judge left the record open for ten (10) days to allow counsel for Petitioner time to supplement with any materials Petitioner may have left at the correctional facility prior to coming to court. (App. 424).  Apparently, no additional materials were submitted.

---

[2]     *See* Final *Anders* Brief of Appellant, p. 7.

[3]     *See* October 11, 1999 Order.

On May 12, 2004, the PCR judge issued a written order of dismissal denying post-conviction relief. (App. 427-430). Petitioner timely sought appellate review of the denial of relief.

A timely Notice of Appeal was served and filed. Assistant Appellate Defender Robert M. Pachak of the South Carolina Office of Appellate Defense was appointed to represent Graham in his PCR appeal. On January 4, 2005, Mr. Pachak filed a *Johnson* Petition for a Writ of Certiorari with the South Carolina Supreme Court which raised one issue:

> Whether Petitioner's guilty plea complied with the mandates set forth in *Boykin v. Alabama*?

Mr. Pachak also petitioned to be relieved as counsel of record. On February 2, 2006, the South Carolina Supreme Court denied the Petition for review and granted counsel's petition to be relieved. The court issued the remittitur on February 21, 2006.

## IV. FEDERAL COURT HISTORY

Graham is presently incarcerated in the Broad River Correctional Institution of the South Carolina Department of Corrections ("SCDC"). Graham filed this Petition for a writ of habeas corpus (the "Petition") on June 21, 2006 against the above-captioned Respondents, Warden William White; SCDC Director Jon Ozmint; and State of South Carolina (collectively, the "Respondents").[4] [1-1]. In his *pro se* Petition, Graham has raised the following grounds for relief:

| | |
|---|---|
| Ground One: | Ineffective assistance of counsel. |
| Supporting Facts: | Initial trial counsel ill-advised petitioner "not to go to trial and advised petitioner to plead guilty to murder" absent "any evidence to sustain a murder conviction" to be imposed upon petitioner. Counsel further failed to assure that family court waiver hearing was held, before allowing Court of General |

---

[4] In *habeas corpus* cases, the Petitioner has the benefit of the holding in Houston v. Lack, 487 U.S. 266 (1988) with respect to the "delivery" date of his Petition. In this case, the court has examined the envelope attached to Petitioner's Petition and has determined that the Petition was delivered to the correction institution mailroom on June 21, 2006.

|   |   |   |
|---|---|---|
|   |   | Sessions to try the Petitioner's case as a [sic] adult. Counsel fail [sic] to act as competent counsel. |
| Ground Two | Violation Due Process, Equal Protection of Laws, Subject Matter Jurisdiction Violations. | |
|   | Supporting Facts: | Petitioner was (16) sixteen years of age "Juvenile" at the time "the youngest in the group of men who were petitioner's co-defendants." The petitioner had "no prior criminal record" and the petitioner was deprived of having his case reviewed by way of Family Court Session to determine if "waiver" would be gave [sic] to transfer court's jurisdiction to Gen. Sessions. |
| Ground Three | Unintelligent Plea of Guilty. | |
|   | Supporting Facts: | Plaintiff was "ill-advised" by a [sic] unexperienced counsel to plead guilty to murder "shooting the victim with a handgun." Nevertheless, the petitioner did "not" plea guilty to "murder" see Transcript of Guilty Plea/P.C.R. Hearing. Neither did Petitioner ever have any firearm in his possession, but was compel [sic] to plea guilty to murder. |
| Ground Four | Misinstruction [sic] of Justice | |
|   | Supporting Facts: | Sentencing Judge failed to explain the mandatory/minimum sentence to be rendered to the petitioner during guilty plea proceeding. Judge, also allowed petitioner to unintelligently make a guilty plea "not" being fully informed by counsel or court of language of "jailhouse informant's note wrote [sic] to county solicitor." Petitioner, "never plead guilty to murder."[5] |

After the case was brought into proper form, on August 1, 2006, the undersigned issued an Order which authorized service upon the Respondents and notified Graham of the change of address rule. [5-1] On October 20, 2006, the Respondents filed a Motion for Summary Judgment, a Return and Memorandum of Law in Support of Motion for Summary Judgment (collectively, the "Return") and supporting exhibits. [11-1; 12-1]

The undersigned issued an Order filed on October 23, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), notifying Graham of the summary judgment dismissal procedure and the possible consequences if he failed to respond adequately to the

---

[5] *See* Petition [1] at 6-11.

Respondents' Return.[6]  [14]  Despite this warning, Graham failed to respond to the motion for summary judgment.  On November 30, 2006, the undersigned issued an Order granting Graham an additional twenty (20) days in which to respond, and warning him that the court would recommend dismissal of his action pursuant to Rule 41(b) if he failed to respond within that time period.  [15]  On December 14, 2006, Graham filed a Memorandum objecting to Respondents' Motion for Summary Judgment.  [16]  As the issues have been joined, this case is ready for review by the undersigned.

## V.  DISCUSSION

### A.  Exhaustion of State Remedies

Respondents concede that Petitioner has exhausted his available remedies through direct appeal and post-conviction relief prior to bringing this action in federal court.[7]  *See generally* Rule 203 (b)(2), South Carolina Appellate Court Rules (ten (10) day limit in which to appeal after a conviction in general sessions); *Wade v. State*, 348 S.C. 255, 264, 559 S.E.2d 843, 847 (2002) ("An individual under PCR effectively is granted one chance to argue for relief and must do so within a year of his final appeal").  Thus, the Respondents concede, and this court agrees, that the Petition is not subject to dismissal in order to pursue available state remedies as there are none.  *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (a "district court must dismiss habeas petitions containing both unexhausted and exhausted claims."); *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996) ("Because '[t]his requirement . . . refers only to remedies still available at the time of the federal petition,' *Engle v. Isaac*, 456 U.S. 107, 125, n. 28, 102 S.Ct. 1558, 1570, n. 28, 71 L.Ed.2d 783 (1982), it is satisfied 'if it is clear that [the

---

[6]   The explanation to the *pro se* litigant is required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), which was a civil rights case.  The same procedure has been held to apply in federal habeas corpus cases under *Webb v. Garrison*, No. 77-1855 (4th Cir., decided July 6, 1977).

[7]   *See* Respondents' Return [11] at ¶ 6-7.

habeas petitioner's] claims are now procedurally barred under [state] law,' *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989)").

## B.  The Antiterrorism and Effective Death Penalty Act

The present habeas corpus petition was filed on June 21, 2006.  Because Petitioner filed his Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court's review of his collateral attack on his criminal conviction is governed by the parameters set forth in the AEDPA, which amended Section 2254.  *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir.), *cert. denied*, 521 U.S. 371 (1998); *Green v. French*, 143 F.3d 865 (4th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999).

## C.  The AEDPA's Statute of Limitations

The AEDPA provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).  The one year period begins to run at the "conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A); *Hernandez v. Caldwell*, 225 F.3d 435, 437 (4th Cir. 2000).  However, a "properly filed application for State post-conviction relief" tolls the time for filing.  28 U.S.C. § 2244(d)(2).  While state collateral review tolls the one-year statute of limitations under § 2244(d)(1)(A) for properly filed pleadings, *Artuz v. Bennett*, 531 U.S. 4 (2000), it does not establish a right to file within one year after completion of collateral review.  *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000) (an inmate does not have one year from the conclusion of state court collateral review; instead, the one year period for filing habeas petition commences upon conclusion of direct review of conviction but is suspended while state PCR proceedings are pending in any state court); *Smith v. McGinnis*, 208 F.3d 13 (2d Cir. 2000).  Nor does the tolling period for state collateral review include the time for filing a petition for certiorari in the United States Supreme Court.  *Crawley v. Catoe*, 257 F.3d 395, 399 (4th Cir. 2001) ("neither the time for

filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled under 28 U.S.C. § 2244(d)(2) from the one-year statute of limitations under § 2244(d)(1)"); *see also Carey v. Saffold*, 536 U.S. 214, 220 (2002) (application for state collateral review remains pending during the time to seek further review in the state courts, "until the application has achieved final resolution through the State's post-conviction procedures"[.]).  "[T]he one-year limitation period is also subject to equitable tolling in 'those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation against the party.' "  *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002), *quoting Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).

In the present case, it is clear that Petitioner did not timely file within the one-year limitations period in § 2244(d)(1)(A).  Petitioner's June 18, 1997, plea became final on August 13, 2000, ninety (90) days after the Supreme Court of South Carolina affirmed his conviction and sentence on May 15, 2000, as he failed to seek certiorari review from the United States Supreme Court.  *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2004).  Petitioner did not file his PCR action until May 14, 2001.  During that time, two hundred and seventy-four (274) days of time not tolled by the statute lapsed.  However, Petitioner's PCR action concluded when the state court issued the remittitur on February 21, 2006, and Petitioner did not file the instant action until June 21, 2006, which presents an additional one hundred and twenty (120) days not tolled by the statute.  In total, three hundred and ninety-four (394) days of time not tolled by the statute lapsed before Petitioner filed his Petition.  Subtracting the three hundred and sixty-five (365) days in which Petitioner had to timely file his petition, the filing is twenty-nine (29) days late.  It is recommended that the Petition be summarily dismissed because it was not timely filed.

Petitioner argues, in his Memorandum in opposition to Respondents' Return, that he was not on notice regarding the one year stauttue of limitations applicable to habeas corpus

Page 9 of  17

actions. Construing Petitioner's argument liberally, to the extent that Petitioner attempts to set forth an equitable tolling argument, this argument does not salvage Petitioner's late Petition. "Generally, a petitioner seeking equitable tolling bears the burden of establishing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pettinato v. Eagleton*, —F.Supp.2d —, 2006 WL 2711853 (D.S.C. September 21, 2006), *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) (citation omitted). Equitable tolling is available only in "those rare instances where-due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir.2003) (en banc) (quotation marks omitted), *cert. denied*, 516 U.S. 832, 116 S.Ct. 107, 133 L.Ed.2d 60 (2004); *see also United States v. Sosa*, 364 F.3d 507, 512 (4th Cir.2004) (quoting the same). To be entitled to equitable tolling, an otherwise time-barred petitioner must present: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse*, 339 F.3d at 246. Petitioner has failed to present such facts to this court; his argument that there were "no law book's [sic] nor legal citations of law which place's [sic] a South Carolina state prisoner on notice regarding 'the year' statute of limitation" is simply insufficient, given that Petitioner has not make any showing that he pursued his rights diligently. *Cf. Pace*, 544 U.S. at 418-419.

In conclusion, the Petition is barred by the one year limitation period set forth in Section 2244(d)(1) and it is recommended that the Petition should be denied and dismissed.

### D.  Discussion of the Merits of Petitioner's Petition

Even were this court to find that the Petition had been timely filed, the issues presented would not provide a basis for habeas corpus relief. A claim adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of" clearly established federal law

as decided by the United States Supreme Court, or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings." 28 U.S.C. § 2254(d). "The Supreme Court has interpreted these provisions to require that federal courts accord considerable deference in their review of state habeas proceedings." *Lovitt v. True*, 403 F.3d 171, 178 (4th Cir. 2005), *citing Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

With respect to the first prong of the analysis under Section 2254(d), the United States Supreme Court has explained that a state court adjudication is "contrary to" clearly established Federal law only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 412-413. An "unreasonable application" of Federal law will be found "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 412-413. An "unreasonable application" likewise will be found if the state court "was unreasonable in refusing to extend the governing legal principle to a context in which the principle should have controlled. *Ramdass v. Angelone*, 530 U.S. 156, 166 (2000) (opinion of Kennedy, J.). Yet as *Williams* teaches, a state court's "unreasonable application" of the law informs the federal court to the extent that the latter "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Bates v. Lee*, 308 F.3d 411, 417 (4th Cir. 2002), *cert. denied,* 538 U.S. 1061 (2003), *quoting Williams*, 529 U.S. at 411. The Fourth Circuit has held that this application of federal law must be "objectively unreasonable." *Oken v. Corcoran*, 220 F.3d 259, 264 (4th Cir. 2000) (noting that the Supreme Court in *Williams* "adopted" the holding in *Green v.*

*French*, 143 F.3d 865, 870 (4th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999) that the "unreasonable application" inquiry is an objective inquiry.).

Turning to Section 2254(d)(2), the proper analysis for establishing whether there exists an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding" is framed by Section 2254(e)(1), which provides that the findings of fact by a state court are entitled to a "presumption of correctness" and the petitioner must bear the burden of rebutting that presumption by "clear and convincing evidence." *See* 28 U.S.C. § 2254(e)(1).

Under the AEDPA, habeas relief will not be granted with respect to any claim that was adjudicated on the merits in State court proceedings <u>unless</u> the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, such as the issue of ineffective assistance of counsel which is presented in the present case, a federal court must reach an independent conclusion. *Strickland v. Washington*, 466 U.S. 668, 698 (1984); *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993), *cert. denied*, 114 S.Ct. 487 (1993) (*citing Clozza v. Murray*, 913 F.2d. 1092, 1100 (4th Cir. 1990), *cert. denied*, 499 U.S. 913 (1991)).

To the extent that Petitioner's ineffective assistance of counsel claims were adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. § 2254(d), as interpreted by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362 (2000) ("The *Strickland* test provides sufficient guidance for resolving virtually all ineffective assistance of counsel claims.") In *Strickland*,

the United States Supreme Court set forth two factors that must be considered in evaluating claims of ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant. To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Turner v. Bass*, 753 F.2d 342, 348 (4th Cir. 1985), *quoting Strickland*, *(reversed on other grounds*, 476 U.S. 28 (1986)). In meeting the second prong of the inquiry, a petitioner must show that he was prejudiced by the error. *Strickland* requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
>
> * * *
>
> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. *Strickland,* 466 U.S. at 694-95. (Emphasis added)

As noted, the above standard applies to claims that have been properly presented to, and decided by, the state courts. In other words, to be entitled to such review, a petitioner must have properly exhausted his state remedies by fairly presenting the claim to the highest state court. *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Such "fair presentation" means presentation of "operative facts" and legal arguments. *Id*. If a claim is not properly presented, the claim is procedurally barred from review, and a petitioner must show cause and prejudice or actual innocence to overcome the bar. *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986).

Petitioner raised only an issue on the absence of a waiver hearing to the Supreme Court of South Carolina in the direct appeal.  In PCR , Petitioner presented only the following issues to the PCR judge:  (1) counsel failed to "put 100 percent into the trial;" (2) counsel failed to advised him he would have to serve 85% of the sentence imposed; (3) counsel failed to file discovery motions; and (4) counsel failed to sufficiently cross-examine the witnesses against him.  Petitioner argued that counsel's failures influenced his choice to plead guilty, and also complained, in general, that appellate counsel failed to raise all issues he wanted counsel to raise. (PCR App. ¶ 404-409).

Petitioner raises different issues to this Court.  Those issues are procedurally barred from review.  He must show cause to excuse the default.  *Murray, supra*.  Such cause is not readily apparent on this record where Petitioner pursued his available remedies, had the assistance of counsel both on direct appeal and in his PCR action, and raised and pursued other issues.

Furthermore, a claim of actual innocence would not be credible on this record where Petitioner acknowledged his guilt at the plea hearing (App. 340, 343 and 346), and the record shows that his co-defendants testified that Petitioner was the one who actually shot and killed the victim (App. P. 151 (McIntosh); p. 180 (Pickett); p. 298 (Barrow).  *See Bousley v. United States*, 523 U.S. 614, 623 (1998) ("It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency").  The procedural bar should be applied in this case.

Even if the bar were not applied, the facts of record simply do not support relief.  For instance, Petitioner complains counsel "ill advised" him to plead guilty where there was no evidence of murder.  As shown in the discussion above, Petitioner was in the unusual position of hearing the sworn trial testimony of co-defendants who not only testified that Petitioner had been involved in the armed robbery, but also established that Petitioner had shot the victim.  It cannot be fairly said Petitioner would rely solely on what counsel advised would be

the anticipated evidence on this record where Petitioner here actually heard the testimony.

Petitioner also complains counsel failed to seek a waiver hearing. The Supreme Court of South Carolina, in the direct appeal in this case, determined that state law exempted Petitioner from the necessity of a waiver hearing. Counsel could not be ineffective for not securing a hearing Petitioner was not entitled to have, and thus Petitioner cannot show ineffective assistance of counsel under *Strickland v. Washington*.

Petitioner also claims due process and equal protection violations in not conducting the waiver hearing. Again, he was not entitled to the hearing. Consequently, no such error could have occurred. Petitioner fails to carry his burden of proof and is not entitled to relief. *Id*. Petitioner also complains he did not plead guilty to murder, and never had a firearm. The plea transcript conclusively shows Petitioner plead guilty to murder, and specifically acknowledged he was pleading guilty to murder. (App. 340, 343) The record also shows the co-defendant witnesses testified Petitioner shot the victim. Petitioner's claim lacks factual support to assert nothing shows he held the murder weapon. Moreover, the record shows a valid guilty plea, made with the advice counsel, and voluntarily given after he was advised on the record of his trial rights, and possible sentence, and supported by a substantial factual basis. (App. 337-348); *see generally Boykin v. Alabama*, 395 U.S. 238, 243-44 (1969) (requiring the record reflect the defendant voluntarily and understandingly enters his guilty plea by inquiry of same). Petitioner waived his right to present any and all defenses by his voluntary plea, including the right to contest the factual issues. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (a valid guilty plea acts as a waiver of all non-jurisdictional defects). In this case, Petitioner was not only advised of his right to contest the evidence, and confront the witnesses, he actually did so during two days of trial; therefore, the record shows much more than a waiver of possible rights in the future. It shows a considered waiver of known and exercised trial rights. Petitioner has basis for relief.

Lastly, Petitioner apparently claims an "error of justice" in the judge accepting the plea when the judge failed to review sentence exposure, and failed to advise of the substance of a note written by an informant. To the extent this allegation constitutes some cognizable claim of fundamental fairness, the facts of record refute error and Petitioner could not possibly carry his burden of proof. The plea transcript shows the judge reviewed sentence exposure with Petitioner at the plea, including, specifically, the mandatory minimum for armed robbery, and Petitioner acknowledged his understanding of those issues. (App. 339) The plea transcript also shows the judge made the note from the jailhouse informant available to Petitioner and counsel before Petitioner elected to enter a guilty plea. (App. 328-31) Again, Petitioner can show no factual basis for an assertion of error. He has failed to show he is entitled to habeas relief. *Smith, supra*.

To the extent Petitioner also seeks to challenge the state court's subject matter jurisdiction, he has simply failed to state a claim upon which relief may be granted. Allegations involving subject matter jurisdiction rest on state law, thus are not cognizable in a federal habeas action. *Wright v. Angelone*, 151 F.3d 151, 157-58 (4th Cir. 1998); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions."); 28 U.S.C. § 2254(d)(1)(relief not granted unless the state court improperly or unreasonably applied federal law).

## RECOMMENDATION

Based upon the foregoing, it is recommended that Respondents' Motion for Summary Judgment **[11] should be granted**.

GEORGE C. KOSKO
UNITED STATES MAGISTRATE JUDGE

January 9, 2007
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).